**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SPIRIT REALTY CAPITAL, INC.,

                      Plaintiff,

       -against-

WESTPORT INSURANCE CORPORATION,

                      Defendant.

-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2021
```

21 **CIVIL** 2261 (JMF)

**JUDGMENT**

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated October 21, 2021, Westport's motion to dismiss is GRANTED, and Spirit's Complaint is dismissed in its entirety. Moreover, the Court has declined to grant Spirit's request for leave to amend. Pl.'s Mem. 25. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," Broidy Cap. Mgmt. LLC v. Benomar, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, the problems with Spirit's claims are substantive, so amendment would be futile. See, e.g., Roundtree v. NYC, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Moreover, Spirit does not suggest that it is in possession of facts that would cure the problems with its claims. See, e.g., Clark v. Kitt, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); accord TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014). Finally, the Court granted Spirit leave to amend its original complaint in response to Westport's motion to dismiss and explicitly warned that it would "not be given any further opportunity to amend the complaint to

address issues raised by the motion to dismiss." ECF No. 22; see, e.g., Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend sua sponte." (citing cases)). Judgment is entered for Defendant; accordingly, the case is closed.

**Dated:**  New York, New York

October 21, 2021

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *XMango*

**Deputy Clerk**